UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO ALMENDAREZ RUIZ (A-246-593-132), | Case No.  1:26-cv-01239-DAD-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Jose Antonio Almendarez Ruiz (A-246-593-132), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and violates the Immigration and Nationality Act ("INA").  (Id. (claims one, two, four).)  Petitioner also brings claims for violations of the Administrative Procedure Act, the Suspension Clause, and the Accardi[1] Doctrine.  (Id. (claims three, five, six).)  For the following reasons, this Court recommends that the petition be granted.

/ / /

---

[1]  United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267-68 (1954).

1

## I.  LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.  DISCUSSION[2]

On February 12, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On the same day, the district court directed respondents to file an opposition substantively addressing whether any provision of law or fact in this case would distinguish it from the district court's decision in Rocha Chavarria v. Chestnut, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), Singh v. Albarran, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025), and other similar cases previously decided by the district court, or otherwise indicate that the matter is not substantively distinguishable.  (ECF No. 8.)  On February 13, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 9.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not present any facts or legal issues distinguishing it substantively from Rocha Chavarria v. Chestnut, 2025 WL 3533606 or Singh v. Albarran, 2025 WL 3640678.  (ECF No. 9 at 1.)  On February 17, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case

---

[2]  The factual and procedural background previously presented in the district judge's February 17, 2026 order is incorporated herein.  (See ECF No. 10.)

distinct from the two cases cited in the February 12, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction, and granted the preliminary injunction. (ECF No. 10.) In addition to granting petitioner's immediate release on the same conditions he was subject to immediately prior to his December 9, 2025 detention, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention. (Id.) In addition, the district court held that petitioner was not required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. (Id.) The district court referred this action to the assigned Magistrate Judge for further proceedings. (Id.)

On March 2, 2026, in response to this Court's order requiring respondents to file a status report, respondents stated that no additional briefing is needed on the merits of the underlying petition. (ECF No. 12.) Briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a pre-detention hearing following his release on parole (claim two). See Rocha Chavarria v. Chestnut, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025); Singh v. Albarran, 2025 WL 3640678. Because resolution of the procedural due process claim (claim two) provides the relief requested, the Court need not reach the remaining claims (first, and third through sixth claims). Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country. This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Jose Antonio Almendarez Ruiz (A-246-593-132) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, alme12390.26

4